**130 Nev., Advance Opinion 12**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CITY OF RENO,<br>Appellant,<br>vs.<br>THE HONORABLE KENNETH<br>HOWARD; RENO MUNICIPAL COURT;<br>AND CHERYL LEE,<br>Respondents. | No. 62313<br><br>**FILED**<br><br>FEB 27 2014<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

Appeal from a district court order denying a petition for a writ of mandamus. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

*Affirmed.*

Christopher P. Hazlett-Stevens, Deputy City Attorney, Reno,
for City of Reno.

Larry K. Dunn & Associates and Larry K. Dunn and Karena K. Dunn, Reno,
for Cheryl Lee.

Jonathan D. Shipman, Deputy City Attorney, Reno,
for the Honorable Kenneth Howard and Reno Municipal Court.

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, PARRAGUIRRE, J.:

In Nevada, the declaration of a person who collects a criminal defendant's blood for evidentiary testing may be admitted at trial. NRS

14-06401

50.315(4). A defendant in a misdemeanor driving under the influence trial waives the right to confront the maker of such a declaration unless the defendant can show a substantial and bona fide dispute regarding the facts in the declaration. NRS 50.315(6). In this appeal, we discuss the Confrontation Clause implications of NRS 50.315(6). We conclude that, in light of the United States Supreme Court's decision in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), the statute's substantial-and-bona-fide-dispute requirement impermissibly burdens the right to confront the declarant. Accordingly, we overrule our prior decision in *City of Las Vegas v. Walsh*, 121 Nev. 899, 124 P.3d 203 (2005), and affirm the district court's order.

## FACTS AND PROCEDURAL HISTORY

Appellant City of Reno (City) charged respondent Cheryl Lee with misdemeanor driving under the influence in Reno Municipal Court. At Lee's bench trial, the City sought to introduce into evidence the declaration of Shirley Van Cleave, a phlebotomist who collected Lee's blood for evidentiary testing after Lee's arrest. Lee objected to the admission of the declaration on Confrontation Clause grounds, and the municipal court sustained the objection and excluded the declaration. The City petitioned the district court for a writ of mandamus to compel the municipal court to admit the declaration into evidence. The district court denied the petition, explaining that admission of the declaration over Lee's objection would have violated Lee's rights under the Confrontation Clause. The City now appeals.

## DISCUSSION

On appeal, the City argues that the district court abused its discretion by denying its petition for writ of mandamus, reasoning that the

district court erroneously concluded that NRS 50.315(6)'s waiver provisions violate the Confrontation Clause of the Sixth Amendment to the U.S. Constitution. This court reviews a district court's decision to deny a writ petition for an abuse of discretion and reviews the constitutionality of a statute de novo. *Walsh*, 121 Nev. at 902, 124 P.3d at 205.

*This court has jurisdiction to hear this appeal*

Lee initially argues that we lack jurisdiction over this appeal because the proceedings in the municipal court remain pending. This court "has jurisdiction to review upon appeal . . . an order granting or refusing to grant . . . mandamus." NRS 2.090(2). Further, "[a]n appeal may be taken from . . . [a] final judgment entered in an action or proceeding commenced in the court in which the judgment is rendered." NRAP 3A(b)(1). Where a petition for writ of mandamus is the only issue before a district court, we have held that the district court's order denying the petition "is a final judgment within the meaning of NRAP 3A(b)(1)." *Ashokan v. State, Dep't of Ins.*, 109 Nev. 662, 665, 856 P.2d 244, 246 (1993). Because the City's petition was the only issue before the district court, we conclude that we have jurisdiction to hear this appeal.

*The declaration is testimonial*

The Confrontation Clause provides that "the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The U.S. Supreme Court has held that the Confrontation Clause prohibits the admission of testimonial hearsay against a criminal defendant unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). Documents "created

solely for an 'evidentiary purpose'" and "in aid of a police investigation" are testimonial hearsay, *Bullcoming v. New Mexico*, 564 U.S. ___, ___, 131 S. Ct. 2705, 2717 (2011) (quoting *Melendez-Diaz*, 557 U.S. at 311), and we have held that declarations made and offered pursuant to NRS 50.315(4) are testimonial hearsay. *Walsh*, 121 Nev. at 906, 124 P.3d at 207-08.

NRS 50.315(4) allows a declaration made under penalty of perjury by a person who collects blood from a subject for evidentiary testing to be admitted in evidence to prove the declarant's occupation, the identity of the subject, and that the declarant kept the sample in his custody until delivering it to another identified person.

The parties do not dispute that Van Cleave's declaration was made and offered pursuant to NRS 50.315(4) and thus is testimonial hearsay. Because the record does not suggest that Van Cleave was unavailable or that Lee had a prior opportunity to cross-examine Van Cleave, Lee's right to confront Van Cleave requires exclusion of the declaration unless Lee validly waived her right to confrontation. *See Melendez-Diaz*, 557 U.S. at 327; *Crawford*, 541 U.S. at 53-54.

*NRS 50.315(6) impermissibly burdens confrontation rights*

The City argues that Lee validly waived her right to confront Van Cleave by failing to show a substantial and bona fide dispute regarding the declaration as required by NRS 50.315(6). In response, Lee argues that NRS 50.315(6) impermissibly burdens the rights provided by the Confrontation Clause. Although we previously addressed this issue in *Walsh*, 121 Nev. at 906-07, 124 P.3d at 208, Lee argues that the U.S. Supreme Court's decision in *Melendez-Diaz* compels us to overrule *Walsh*. "[W]e are loath to depart from the doctrine of stare decisis" and will

overrule precedent only if there are compelling reasons to do so. *Armenta-Carpio v. State*, 129 Nev. ___, ___, 306 P.3d 395, 398 (2013).

A criminal defendant may waive her confrontation rights by failing "to comply with statutory procedures" for making an objection based on the Confrontation Clause. *Walsh*, 121 Nev. at 906, 124 P.3d at 208; *see also Melendez-Diaz*, 557 U.S. at 327 ("The defendant *always* has the burden of raising his Confrontation Clause objection."). Under existing Nevada law, a defendant waives the right to confront an NRS 50.315(4) declarant, such as Van Cleave, by failing to comply with NRS 50.315(6), which provides in relevant part:

> If, at or before the time of trial, the defendant establishes that:
>
> (a) There is a substantial and bona fide dispute regarding the facts in the affidavit or declaration; and
>
> (b) It is in the best interests of justice that the witness who signed the affidavit or declaration be cross-examined,
>
> the court may order the prosecution to produce the witness.

In *Walsh*, we explained that under NRS 50.315(6), failure "to argue that a substantial and bona fide dispute exists regarding the affidavit or declaration of the phlebotomist who drew the defendant's blood . . . acts as a waiver of the defendant's confrontation rights" as to the phlebotomist. 121 Nev. at 906, 124 P.3d at 208. We further explained that "[t]he essence of *Crawford* is the need for cross-examination," and absent a substantial and bona fide dispute regarding the declaration or credibility of the declarant, "cross-examination is meaningless." *Id.* at 907, 124 P.3d at 208.

The City argues that this reasoning is unaffected and indeed was approved by the U.S. Supreme Court's decision in *Melendez-Diaz*.[1] In *Melendez-Diaz*, the Court struck down a Massachusetts statute that allowed reports of forensic analysis to be admitted into evidence without requiring the prosecution to call the analysts as witnesses but allowing defendants to subpoena the analysts. 557 U.S. at 308-09, 329. The Court rejected the argument that this statute adequately protected the right to confrontation, explaining that the statute "shifts the consequences of adverse-witness no-shows from the State to the accused." *Id.* at 324. The Court further explained that "the Confrontation Clause imposes a burden on the prosecution to present its witnesses, not on the defendant to bring those adverse witnesses into court." *Id.* However, the Court approved of notice-and-demand statutes "[i]n their simplest form" that require a defendant's timely objection to the admission of testimonial hearsay without live testimony by the declarant. *Id.* at 326. The Court explained that such provisions are "procedural rules governing objections" that the "[s]tates are free to adopt." *Id.* at 327.

The City argues that NRS 50.315(6) is such a procedural rule, whereas Lee argues that the statute impermissibly imposes on defendants the burden of establishing a substantial and bona fide dispute. Although we upheld the constitutionality of NRS 50.315(6) against a Confrontation Clause challenge in *Walsh*, we decided *Walsh* prior to the U.S. Supreme

---

[1]While the Court appears to have approved of *Walsh*'s holding that NRS 50.315(4) declarations are testimonial, *see Melendez-Diaz*, 557 U.S. at 325-26 & n.11 (citing *Walsh*, 121 Nev. at 904-06, 124 P.3d at 207-08), it explicitly refused to address the validity of all but the simplest notice-and-demand statutes. *Id.* at 327 n.12.

Supreme Court
OF
Nevada

(O) 1947A

Court's discussion of notice-and-demand statutes in *Melendez-Diaz*. We now address this issue again in light of the U.S. Supreme Court's decision in *Melendez-Diaz*.

The Supreme Court of Kansas has addressed its notice-and-demand statute in light of *Melendez-Diaz*. *State v. Laturner*, 218 P.3d 23 (Kan. 2009). Under the Kansas statute, a defendant has 14 days to object to admission of a certificate of a person who collected blood for analysis and to state "the grounds for the objection." Kan. Stat. Ann. § 22-3437(a)(3). If the grounds for the objection do not show "that the conclusions of the certificate . . . will be contested at trial," the court must admit the certificate into evidence. *Id.*

In *Laturner*, the Kansas Supreme Court applied *Melendez-Diaz* to the Kansas statute and found "some overlap" between its statute and simple notice-and-demand statutes, but also found that the Kansas statute "impose[d] additional requirements," most notably that a defendant must show that he would actually contest the conclusions of the certificate at trial. 218 P.3d at 30. The court explained that an objection based solely on the Confrontation Clause could not satisfy this requirement, so a trial court would be bound to admit the evidence over a Confrontation Clause objection. *Id.* Because of this additional requirement, the Kansas court concluded that the statute was not a simple notice-and-demand statute like those approved in *Melendez-Diaz*. *Id.* at 32. The Kansas court further reasoned that this additional burden was too difficult for a defendant to overcome without an opportunity to cross-examine the signer of the certificate. *Id.* at 37.

Like the Kansas statute addressed in *Laturner*, NRS 50.315(6) imposes additional requirements on defendants who wish to confront those

SUPREME COURT
OF
NEVADA

(O) 1947A

who have prepared declarations to be used against them at trial. While the Kansas statute required a defendant to show that he would actually contest the conclusions of the certificate at trial, NRS 50.315(6) requires a defendant to show a substantial and bona fide dispute regarding the facts contained in the declaration. These requirements are substantially similar, and we conclude that the reasoning of the *Laturner* court is convincing.

We further conclude that *Melendez-Diaz* prohibits burdening confrontation rights beyond requiring a defendant's timely objection to proffered evidence. Accordingly, we now hold that NRS 50.315(6) impermissibly burdens confrontation rights because, unlike a "simple" notice-and-demand statute that merely requires a defendant's timely objection, NRS 50.315(6) requires a defendant to establish a substantial and bona fide dispute regarding the facts in the declaration in order to exercise his confrontation rights. A defendant who cannot make this showing will suffer a forced waiver of his confrontation rights despite a timely attempt to invoke them. Because such an additional burden is impermissible according to the U.S. Supreme Court's decision in *Melendez-Diaz*, we conclude that NRS 50.315(6) violates the Confrontation Clause.

Principles of stare decisis require a compelling reason to overrule prior caselaw. *Armenta-Carpio*, 129 Nev. at ___, 306 P.3d at 398. We conclude that the additional guidance provided by the U.S. Supreme Court in *Melendez-Diaz* provides such a compelling reason for overruling our prior decision in *Walsh*. Therefore, we now overrule our holding in *Walsh* that NRS 50.315(6) adequately protects the rights provided by the Confrontation Clause.

*The nature of the declaration does not alter confrontation rights*

The City further argues that *Melendez-Diaz* and *Bullcoming v. New Mexico*, 564 U.S. ___, 131 S. Ct. 2705 (2011), are inapplicable because those cases dealt with reports of forensic analysis, whereas the declaration in this case relates only to the collection of blood. In *Melendez-Diaz*, the reports admitted in evidence indicated that the substance seized from the defendant contained cocaine, 557 U.S. at 308, and in *Bullcoming*, the report admitted in evidence indicated that the defendant's blood contained a particular amount of alcohol. 564 U.S. at ___, 131 S. Ct. at 2711. Thus, in each case, the reports contained conclusory facts that spoke directly to the defendant's guilt or innocence. *See id.*; *Melendez-Diaz*, 557 U.S. at 308. The City argues that this case is distinguishable on two grounds: (1) Van Cleave's task of collecting blood was relatively simple, and (2) the facts supported by Van Cleave's declaration are merely foundational. We conclude that neither distinction is significant.

First, the City seeks to distinguish Van Cleave's declaration from the reports in *Melendez-Diaz* and *Bullcoming* based on the simplicity of collecting a blood sample. The City essentially argues that because the task was simple, the declaration is reliable and confrontation is unnecessary. However, the Confrontation Clause "'commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination.'" *Melendez-Diaz*, 557 U.S. at 317 (quoting *Crawford*, 541 U.S. at 61). Therefore, simplicity and reliability are not relevant to the Confrontation Clause analysis, and the fact that collecting blood may be a simple task has no effect on a defendant's right to confront the witnesses against him. *See id.*

Second, the City seeks to distinguish this case from *Melendez-Diaz* and *Bullcoming* based on the foundational purpose of Van Cleave's

Supreme Court
of
Nevada

(O) 1947A

9

declaration. NRS 484C.250(1)(a)(1) provides that evidence of the results of a blood test are inadmissible in a prosecution for driving under the influence unless the person who collected the blood sample is qualified to do so. A phlebotomist is a qualified person. NRS 484C.250(1)(a)(1). The City argues that Van Cleave's declaration was offered only to show that she was a phlebotomist as required by NRS 484C.250(1)(a)(1), and this merely foundational purpose renders cross-examination meaningless.

As discussed above, Van Cleave's declaration is testimonial hearsay, and the Confrontation Clause therefore applies. *Walsh*, 121 Nev. at 906, 124 P.3d at 208. The U.S. Supreme Court has explained that there are only "two classes of witnesses—those against the defendant and those in his favor . . . . [T]here is not a third category of witnesses, helpful to the prosecution, but somehow immune from confrontation." *Melendez-Diaz*, 557 U.S. at 313-14. Here, Van Cleave is clearly a witness "against" Lee because the City sought to use Van Cleave's declaration to prove its case. The City's distinction between foundational facts and conclusory or accusatory ones would create and place Van Cleave into a "third category of witnesses" prohibited by *Melendez-Diaz*. *Id.* at 314.

We note, however, that *Melendez-Diaz* does not require the testimony of every person with any connection to physical evidence. *Id.* at 311 n.1 ("[W]e do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device, must appear in person as part of the prosecution's case."). The City argues that Van Cleave is merely a person with some connection to Lee's blood sample and thus is not required to testify.

In support of this argument, the City cites *Commonwealth v. Shaffer*, 40 A.3d 1250 (Pa. Super. Ct. 2012). In *Shaffer*, "no report authored by the phlebotomist" was offered as evidence, so no testimonial statement was at issue. *Id.* at 1252. In contrast, Van Cleave's testimonial declaration was offered as evidence in this case. Therefore, *Shaffer* is unpersuasive. The fact that Van Cleave's declaration was offered only to lay the foundation for other evidence has no effect on its testimonial nature, and therefore has no effect on the rights provided by the Confrontation Clause.

Accordingly, the relative simplicity of collecting blood and the foundational purpose for which Van Cleave's declaration was offered as evidence have no effect on the rights provided by the Confrontation Clause.[2]

## *CONCLUSION*

We conclude that the U.S. Supreme Court's decision in *Melendez-Diaz* requires us to overrule our prior decision in *Walsh*, where we held that NRS 50.315(6) adequately protected the rights provided by the Confrontation Clause. Therefore, we now hold that the requirement of NRS 50.315(6)—that a defendant must establish a substantial and bona fide dispute regarding the facts in a declaration made and offered as evidence pursuant to NRS 50.315(4)—impermissibly burdens the right to

---

[2]We note that NRS 50.330 and SCR Part IX-A(B), governing appearances by audiovisual transmission equipment, set forth circumstances and procedures to present certain testimony through the use of simultaneous audiovisual transmission equipment.

confrontation. Further, the relative simplicity of collecting blood and the foundational purpose for which the declaration was offered do not affect this conclusion. Therefore, we conclude that the district court did not err when it determined that admission of Van Cleave's declaration into evidence over Lee's objection would have violated Lee's right to confrontation, and the district court did not abuse its discretion by denying the City's petition for a writ of mandamus.

Accordingly, we affirm the order of the district court.

_____, J.
Parraguirre

We concur:

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

